IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10853
_____

UNITED STATES OF AMERICA,

Respondent-Appellee,

versus

ALONZO RICHARD,

Petitioner-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-1531-H
- - - - - - - - - -
August 16, 1996

Before DAVIS and DENNIS, Circuit Judges, and FALLON,[1] District
Judge.

PER CURIAM:[2]

Alonzo Richard has filed a motion to proceed in forma
pauperis on appeal of the district court's denial of his motion
to vacate, correct, or set aside his sentence under 28 U.S.C.
§ 2255.  Richard's affidavit filed in support of his IFP
application is sufficient to demonstrate that he is economically

[1]  District Judge for the Eastern District of Louisiana,
sitting by designation.

[2]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

eligible to proceed in forma pauperis on appeal.  Because Richard

raises arguable points on appeal, we grant his in forma pauperis

application.

Richard contends that his trial counsel was ineffective in

that he conceded Richard's guilt on two counts in his closing

argument.  It was a reasonable trial strategy for counsel to

concede Richard's guilt on the counts for which the evidence of

his guilt was overwhelming in order to successfully challenge the

other charges.  United States v. Wilks, 46 F.3d 640, 641 (7th

Cir. 1995); United States v. Tabares, 951 F.2d 405, 409 (1st Cir.

1991).

Richard also contends that his counsel was ineffective for

failing to object to the trial court's jury instruction

concerning the elements of 18 U.S.C. § 1951(a).  The record

indicates that the trial court's instruction tracked the language

of the statute and the indictment.  Richard's counsel was not

ineffective for failing to raise a meritless claim.  Mendiola v.

Estelle, 635 F.2d 487, 491 (5th Cir. Unit A 1981).[3]

For the reasons stated above, the judgment of the district

court is AFFIRMED.

---

[3] Richard has also filed a "Motion for Determination of Status" alleging for the first time that the indictment was fatally defective.  Richard has not shown plain error as the indictment refers to and tracks the language of the statute that Richard was convicted of violating.  See United States v. Armstrong, 951 F.2d 626, 628 (5th Cir. 1992); Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc). Richard's motion is DENIED.